UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.D. and C.D.,<br><br>Plaintiffs,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation, authorized to do business in Washington; and CORPORATION of the PRESIDENT of the CHURCH of JESUS CHRIST of LATTER-DAY SAINTS and SUCCESSORS, a foreign corporation.<br><br>Defendants. | CAUSE NO. 2:10-CV-1006<br><br>**AMENDED** COMPLAINT FOR PERSONAL INJURIES<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs R.D. and C.D., by and through their undersigned counsel, Kevin P. Sullivan of Sullivan & Thoreson, and Thomas N. Petersen, of Black, Chapman, Webber, Stevens & Petersen, allege as follows:

## I.    INTRODUCTION

1.    The Boy Scouts of America (hereinafter "BSA") is the largest youth organization in the United States with approximately 5,000,000 members.  BSA was chartered in 1910 by an act of Congress.  An estimated 20% of American boys have had contact with scouting, either as members or by attending Scout functions.

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 1

SULLIVAN & THORESON<br>COLUMBIA CENTER<br>701 FIFTH AVENUE, SUITE 4600<br>SEATTLE, WASHINGTON 98104<br>(206) 903-0504

**2.**     Throughout its history, the BSA has consistently held itself out to the public as a "moral and safe" environment for boys to participate in healthy outdoor activities and to be given proper guidance and instruction.  Millions of parents and scouts have placed their trust in the BSA.

**3.**     Paradoxically, the BSA promotes the wholesomeness of its programs while knowing that since the 1940's, it has been secretly removing Scoutmasters for child sexual abuse at an alarming rate, which in the 1970's reached an average of one every three days.  Its own records demonstrate that it has long known that Scouting attracts pedophiles in large numbers and that Scouts, far from being safe, are at the heightened risk of sexual abuse by child molesters.

**4.**     The Corporation of the President of the Church of Jesus Christ of Latter Day Saints and Successors (hereinafter "LDS") is a large religious denomination which likewise promotes the ideals of moral purity and  rectitude.  The LDS Church has actively associated itself with BSA, including, as here, active sponsorship and control of BSA Scout troops.

**5.**     The LDS Church has accepted the BSA as a key program within the Church.  The LDS Church is one of the largest chartering organizations for scout troops in the U.S. Only the LDS Church has officially adopted Scouting as a church youth program.  In 1913, the LDS Church became the first church partner of BSA.  The LDS Church promotes participation in BSA as a necessary step in the process whereby male members become fully active "priests" in the LDS Church.  LDS Scout units are designated for LDS youth and operate differently than non-LDS Scout units.

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 2

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

## II.   PARTIES/JURISDICTION

**6.**     This Court has personal jurisdiction over the parties herein.  Further, this Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. § 1332(a)(1), because Plaintiffs and Defendants are residents of different states and the Plaintiffs claim damages in excess of $75,000, exclusive of interest and costs.

**7.**     Plaintiff R.D. now lives in Medford, Oregon.  At all relevant times, R.D. was a young boy living with his parents in Lakewood, Washington.  At all relevant times, R.D. was enrolled in BSA Scouting programs and was an active member in the Tacoma Stake, Lakewood LDS Church (or "ward").

**8.**     Plaintiff C.D. now lives in Medford, Oregon.  At all relevant times, C.D. was a young boy living with his parents in Lakewood, Washington.  At all relevant times, C.D. was enrolled in BSA Scouting programs and was an active member in the Tacoma Stake, Lakewood LDS Church (or "ward").

**9.**     Defendant Boy Scouts of America is a congressionally chartered corporation authorized to do business in Washington.

**10.**    The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and Successors is a foreign corporation sole registered to do business in Washington.

## III.   STATEMENT OF RELEVANT FACTS

**11.**    Gary Reese was a resident of Lakewood, Washington who on information and belief, now resides in Steilacoom, Washington.  Reese engaged in pedophilic behavior and was a sexual predator of adolescent and pre-adolescent boys.  Reese led the Scout

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 3

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

Troop in Lakewood, Washington, sponsored by the LDS Church, at all relevant times. Reese sexually assaulted Plaintiffs R.D. and C.D.

**12.**     BSA knew for decades that sexual predators of boys had infiltrated scouting. These defendants knew or should have known the danger that pedophiles presented to Boy Scouts and either knew or should have known the danger that Reese presented, but instead ignored that danger and permitted Reese and other pedophiles in Scouting to prey upon young boys, including R.D. and C.D.

**13.**     BSA's own internal "ineligible volunteer files" (also called "the confidential records"), records collected and maintained in secrecy for 70 years, revealed that Scouting is a "pedophile magnet," and that removed pedophiles were often able to reenter Scouting in other locations.  These BSA files, for example, identify a Mt. Rainier Council BSA leader, who was active in 1967-68, as "molesting boys in the troop."

**14.**     BSA's confidential records demonstrate both its awareness of Scouting's attraction to pedophiles, but also the distinctive characteristics of Scouting that rendered Scouts particularly susceptible to pedophiles.

**15.**     BSA knew or should have known that Scouting attracts pedophiles, in part, because (a) Scouting provides the pedophile access to boys alone and away from their parents in secluded settings like campouts and overnight hikes; (b) Scouting provides opportunities for the pedophile to seduce a boy by getting him in situations where the boy has to change clothing or spend the night with him; (c) the pedophile Scout leader can, depending on the pedophile's age preference, volunteer for and be sure to have access only to boys of a certain age; (d) BSA conditions boys to the concept of strict obedience to the Scout leader in a bonding mechanism that pedophiles crave; (e) BSA promotes the

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 4

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

idea of secret ceremonies, rituals and loyalty oaths, all of which facilitate the pedophile's efforts to keep his victims silent and compliant; (f) at the time of the abuse, BSA conducted no criminal background checks on these volunteers or even suggested such was advisable.

16.     BSA was aware that it had ejected thousands of pedophiles from its ranks of leadership in local Scout troops and failed to inform the Scouts and their parents of that fact.

17.     BSA knew or should have known that if they advised parents of this statistical phenomenon, parents might well remove their boys from Scouting, thus depriving BSA of millions of dollars of income.

18.     BSA knew or should have known that its "ineligible volunteers" system of keeping track of pedophiles infiltrating its ranks and attempting to eliminate them did not function as intended, it was flawed, and in many cases ineffective.  Despite that knowledge, BSA did nothing to educate its Scouts and their parents of the ineffectiveness nor the enormity of the pedophile problem, nor to take action to correct its screening and/or educational system.

19.     Reese was Scoutmaster of the LDS Troop in Lakewood, Washington in the 1960's.

20.     Reese was also a priest and youth leader within the LDS Church, specifically the LDS Church in Lakewood, Washington at all relevant times.  In this capacity, Reese exercised a position of religious authority over Plaintiffs R.D. and C.D.

21.     The Lakewood Scout Troop was sponsored by the LDS Church and the LDS Ward in Lakewood, Washington.  At all relevant times herein, the only members of

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 5

Sullivan & Thoreson
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

Reese's BSA Troop were members of the Tacoma Stake, Lakewood LDS Ninth Ward. All of the meetings of Reese's BSA Troop were also considered LDS Church meetings. Reese also participated as a leader of the Lakewood LDS Cub Scout Pack, of which R.D. and C.D. were members, including on day hikes.

**22.**     Meetings of this Troop were conducted both at the LDS facilities in Lakewood, as well as in Reese's home in Lakewood.

**23.**     Serving as a BSA Scoutmaster and LDS leader, Reese actively groomed the boys under his charge for later sexual molestation. For example, Reese instructed the boys to wrestle in their underwear; instructed them in wrestling holds which involved the boys touching each other's genitals while dressed only in their underwear; and instructed the boys while on campouts to stand naked around the campsite and campfire while their clothing dried.

**24.**     Reese was an authorized Bible seminary teacher at the LDS Ward in Lakewood in the 1960's. Members of Reese's BSA Troop attended his daily LDS Bible studies before seminary, including R.D. and C.D. In this capacity, Reese exercised religious authority over R.D. and C.D., with the knowledge and consent of the Lakewood LDS Ward and the LDS Church.

**25.**     Plaintiffs R.D. and C.D. were brothers and were raised in a devout LDS family, were baptized, confirmed and regularly attended LDS functions on a daily and weekly basis at the LDS Ward in Lakewood, Washington.

**26.**     In 1967-68, R.D. was a member of the Lakewood LDS BSA Troop. While attending BSA Troop meetings at Reese's Lakewood home, Reese instructed R.D. and other Scouts to engage in wrestling while in their underwear. Afterwards, Reese took

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

R.D. to his bedroom and sexually molested him.  R.D. was a minor at the time of this sexual assault.

27.     C.D. is R.D.'s younger brother.  On multiple occasions, Reese sexually molested C.D.  The sexual molestation of C.D. occurred during BSA Troop meetings at Reese's home, while on Scouting hikes and campouts, and at the LDS Ward facilities in Lakewood.

28.     C.D. informed the local LDS Bishop that Reese had molested him.  In response, the LDS Bishop advised that the LDS Church was aware of Reese's misconduct and had taken care of the issue.  Later, Reese took C.D. into the baptismal font area of the LDS Ward facility in Lakewood, Washington.  Reese told C.D. that he knew that C.D. had informed the LDS Bishop of his molestation of C.D.  Reese asked C.D. what C.D. had specifically told the Bishop.  He then proceeded to rape C.D. while in the baptismal area in the LDS Ward in Lakewood.  C.D. was a minor at the time of Reese's sexual assaults.

29.     During the time in which each Plaintiff was a minor, Reese molested, and sexually, physical, and mentally abused each Plaintiff.  The molestations and abuse by Reese of Plaintiffs included, but was not limited to, forced anal intercourse, groping and fondling of Plaintiffs' genitals and other lewd and lascivious acts.

30.     Reese's above-described acts constitute conduct in violation of the Washington Criminal Code.

31.     Reese occupied a position of authority, respect and trust over Plaintiffs in that Reese was an adult and an LDS minister and teacher and was a BSA Scoutmaster.

32.     Each Plaintiff felt great trust, faith and confidence in Defendants.

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 7

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

**33.**    Both R.D. and C.D. suffered profound psychological harm as a result of Reese's sexual molestation.  Both have suffered anxiety, depression, and panic attacks in their adult lives.  C.D. has suffered from alcohol addiction.  Both R.D. and C.D. repressed memory of the sexual molestations and did not realize the connection between their serious mental health issues and the above-described child sexual assaults until November 2009, when their mother died.

**34.**    Reese destroyed Plaintiffs' ability to have a normal, happy life.  Without the active participation of defendants, Reese could not have committed his crimes and inflicted profound psychological injuries against Plaintiffs.

**35.**    BSA authorized Reese to serve as a BSA Scoutmaster and Reese served in this capacity for years prior to his sexual molestation of Plaintiffs.  The LDS Church and the Lakewood Ward of the LDS Church authorized Reese to serve as a Scoutmaster of the Lakewood LDS Troop, which provided Scouting opportunities to LDS members in Lakewood.

**36.**    The LDS Church and the LDS Lakewood Ward authorized Reese to serve as a minister and teacher in the before-seminary youth LDS Bible classes.

**37.**    Defendants thus knew or had reason to know, or were otherwise on notice, of the unlawful sexual conduct of Reese, and failed to take reasonable steps, and to implement reasonable safeguards to avoid acts of unlawful sexual conduct by him.

**38.**    Defendants failed to prevent or avoid Reese's placement in a function or environment to prevent one-on-one contact with adolescent and pre-adolescent boys as an inherent part of that function or environment.

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 8

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

## IV.   CAUSES OF ACTION

### A.   First Cause of Action: Negligence and Breach of Fiduciary Duty.

**39.**   At all times, Reese and the Lakewood LDS BSA Troop were under certain direction, supervision and control of the BSA and LDS, and were otherwise their agents.

**40.**   At all times, MOUNT RAINIER COUNCIL was under the direction, supervision and control of the BSA and was otherwise its agents.

**41.**   The BSA, MOUNT RAINIER COUNCIL, and LDS negligently retained and supervised Reese when said defendants knew or should have known that Reese posed a threat of sexual abuse to children, including but not limited to:

a)   Allowing Reese to routinely conduct BSA meetings at his home with no other adults present.

b)   Ignoring warning signs that Reese was using his BSA position to spend hours alone with individual scouts (including Plaintiffs) for the purpose of sexually abusing them.

c)   Failing to discover, investigate, or question the fact that Reese was utilizing scout meetings to engage in improper "grooming" behaviors to sexually desensitize R.D., C.D. and other scouts.

d)   Failing to take prompt action to remove Reese as a Scoutmaster after complaints of sexual molestation.

e)   Failing to take action to investigate all adults involved in scouting after notice that other MOUNT RAINIER COUNCIL BSA Scout leaders were sexually abusing scouts.

f)   Failing to adopt or enforce a two-adult rule.

g)   Failing to conduct criminal background or other background checks on new or existing Scoutmasters, or more carefully screen Scoutmasters who did not then have and never had sons in Scouting.

h)   Failing to timely adopt policies and procedures to protect children; and

i)   Failing to advise parents of statistical data available to BSA from the Ineligible Volunteer Files, or that the I.V. file system of ejection of volunteers as the primary method of protecting Scouts from pedophiles was ineffective.

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 9

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

**42.**     As a direct and proximate result thereof, and failure to prevent Reese from contact with R.D. and C.D., Plaintiffs R.D. and C.D. have been physically and psychologically injured and continue to be damaged psychologically and to experience mental anguish, humiliation and emotional and physical distress, all in an amount to be proved at trial.

**B.     Second Cause of Action:  Negligent Infliction of Emotional Distress.**

**43.**     Plaintiffs hereby incorporate by reference and re-allege all of the allegations contained in paragraphs 1 through 42, as though fully set forth herein.

**44.**     The Defendants' negligent acts and omissions exposed Plaintiffs to emotional injuries from Reese's sexual abuse and exploitation of them.

**45.**     As a direct and proximate result thereof, Plaintiffs have been psychologically damaged and continue to be damaged psychologically and to experience mental anguish, humiliation and emotional and physical distress, all in an amount to be proved at trial.

**C.     Third Cause of Action:  Fraud:  Concealment of Facts.**

**46.**     Plaintiffs hereby incorporate by reference and re-allege all of the allegations contained in paragraphs 1 through 45, as though fully set forth herein.

**47.**     In the 1960's, Defendants had actual and constructive knowledge that Reese had molested, and sexually, mentally, and physically abused Plaintiffs and other boys.  On information and belief, Defendants were in fact aware that Reese was sexually abusing minor boys earlier in the 1960's, prior to his abuse of Plaintiffs.  Defendants also had actual and constructive knowledge that Reese had molested, and sexually, mentally, and physically abused other minor boys in Pierce County while Reese acted as an LDS minister and teacher and BSA Scoutmaster.  Furthermore, Defendants had actual and

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 10

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

constructive knowledge that Reese had molested, and sexually, mentally, and physically abused Plaintiffs, because Plaintiff C.D. reported these facts to their LDS Bishop.

**48.** Plaintiffs are informed and believe, and on that basis allege, that Defendants affirmatively represented to Plaintiffs, their parents, other students and members at LDS churches owned, maintained, and controlled by Defendant LDS that Reese was safe, and morally and spiritually beneficial to all minors, students, minor students, minor LDS members and Scout members, and others under Reese's control, direction, and guidance. Plaintiffs are informed and believe, and on that basis allege, that when Defendants made these affirmative misrepresentations, Defendants suppressed the material facts that Reese had on numerous occasions sexually, physically, and/or mentally abused other minor boys, and/or knew of or had learned of conduct of Reese which placed Defendants on notice that Reese was likely abusing other minor boys.

**49.** Plaintiffs are informed and believe, and on this basis allege, that Defendants had actual and constructive notice that Reese was sexually abusing, assaulting and molesting Plaintiffs on a regular basis in the 1960's, while Plaintiffs were minors living and attending his LDS church and Troop meetings and activities in Lakewood.

**50.** Each Plaintiff was under Reese's supervision and care during the above-referenced times, creating a special fiduciary relationship or special care relationship with Defendants. As the responsible party and/or employer controlling Reese, and as the operator of a church where minors attended, Defendants were also in a special relationship with each Plaintiff.

**51.** Plaintiffs are informed and believe, and on that basis allege, that before, during and after the time that each Plaintiff was molested and abused by Reese, Defendants had

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 11

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

a duty to disclose to each Plaintiff, and minors, students, minor students, church members, minor church members, others under Reese's control, direction, and guidance, parents, and the authorities that Reese had been and was continuing to engage in sexually related conduct with minors, but intentionally suppressed and concealed this information. The duty to disclose arose by the special, trusting, confidential, and/or fiduciary relationship between Defendants and each Plaintiff as alleged herein; by reason of the fact that Defendants made affirmative representations regarding Reese, but suppressed the material facts about the molestations; by reason of the fact that the Defendants had exclusive knowledge of material facts alleged herein regarding Reese which were not known to either Plaintiff and/or not assessable to either Plaintiff; and by reason of the fact that a special relationship, arising because the Defendants exercised plenary authority over Reese and on the other above-described support of Reese by Defendants, existed between the Defendants and Reese which imposed a duty upon the Defendants to control Reese's conduct.

52.     Plaintiffs are informed and believe, and on that basis allege, that said intentional and deliberate suppression and concealment of facts included, but was not limited to: issuing no warnings; permitting Reese routinely and often to be alone with minors; not having adopted a policy to prevent permitting Reese routinely and often to be alone with minors; making no reports of any allegations of Reese's abuse and molestations; making no report of Reese's abuse and molestations to the police or criminal prosecutor; failure to remove Reese's authority to act as a Scoutmaster, teacher and minister, or to contact his superiors for this purpose; and allowing continued assignments of Reese to serve in

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 12

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

positions of authority and trust over minors in which Reese could easily be alone with such persons.

**53.**     Plaintiffs are informed and believe, and on that basis allege, that Defendants, and each of them, made no attempt to and did not take any negative action against Reese.

**54.**     Plaintiffs are informed and believe, and on that basis allege, that said suppressions and concealment of facts were likely to mislead Plaintiffs, their parents, church members, BSA members, students, and others to believe that Defendants had no knowledge of any charges, or that there were no other charges of sexual misconduct against Reese, that Defendants were directly supervising and preventing Reese from improper contact with minors, students, or minor students, and that there was no need for them to take further action.

**55.**     Plaintiffs are informed and believe, and on that basis allege, that Defendants, and each of them, knew at the time they suppressed and concealed the true facts regarding Reese's sexual molestations, that said suppressions and concealment of fact were misleading.  Plaintiffs are informed and believe, and on that basis allege, that Defendants, and each of them, suppressed and concealed the true facts with the intent to prevent Plaintiffs, their parents, church members, and others, from learning that Reese had been and was continuing to molest minors, and others under Reese's control, direction, and guidance, with complete impunity; to induce people, including Plaintiffs, their parents, other church members, benefactors, and donors to the Defendants to participate and financially support, and to continue to participate in and financially support the BSA, Mt. Rainier Council, LDS wards, seminaries, and other LDS Church money-making enterprises; to prevent further reports and outside investigations into Reese's and

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 13

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

Defendants' conduct; to prevent discovery of Defendants' own fraudulent conduct; to avoid damage to the reputations of Defendants; to protect their power and status in the LDS Church hierarchy; to avoid damage to the reputation of the LDS Church and to the BSA; and to avoid the civil and criminal liability of Defendants and Reese.

**56.**     Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, Defendants, with knowledge of the tortious nature of their own and each others' conduct, knowingly and intentionally gave each other substantial assistance to perpetrate the fraud and deceit alleged herein.

**57.**     Plaintiffs are informed and believe, and on that basis allege, that Plaintiffs, their parents, other students, benefactors, donors, church members, and others, were misled by Defendants' intentional suppressions and concealment of facts, and in reliance thereon, were induced to act or induced not to act exactly as intended by Defendants, and each of them, and specifically Plaintiffs and their parents were induced to believe that there were no allegations of sexual abuse against Reese.  Had Plaintiffs, their parents, other students, other parents, church members, and others, known the true facts and not been ignorant of the suppressions and concealment of facts and misrepresentations, they would have determined not to participate further or to further financially support the Defendants' activities alleged herein; would not have allowed their children to go to a church in which Reese was involved; would not have allowed their children to travel with Reese; would not have allowed their children to participate in BSA and LDS activities conducted by Reese; would have reported the matters to the proper authorities, to other church members, to parents of and to minor students so as to prevent future recurrences; would not have allowed children, including Plaintiffs, to be alone with or have any relationship

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 14

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

with Reese; would have undertaken their own investigations which would have led to discovery of the true facts; and would have sought psychological counseling for Plaintiffs, and other molested minor victims.

**58.** Plaintiffs are informed and believe, and on that basis allege, that as a direct and proximate result of the wrongful conduct of said Defendants, each Plaintiff was molested and sexually, physically, and mentally abused by Reese, as alleged herein.

**59.** Furthermore, the Defendants' fraud, caused Plaintiffs to experience recurrences of severe mental distress, including fear, anger, shame, humiliation, helplessness, and guilt, that each Plaintiff had experienced at the time each Plaintiff was molested; and further caused each Plaintiff to experience extreme and severe mental distress, manifested by the above feelings, that each Plaintiff had been the victim of Defendants' fraud, that each Plaintiff had not been able to help other minors being molested because of the fraud, and that each Plaintiff had not been able because of the fraud to receive timely psychological counseling each Plaintiff needed to deal with problems each Plaintiff had suffered and continues to suffer as a result of the molestations.

**60.** As a proximate result of the acts of Reese described herein, Plaintiffs were hurt and injured in their health, strength, and activity, sustained injury to their nervous systems and persons, all of which injuries have caused, and continue to cause, Plaintiffs great mental, emotional, spiritual, physical, and nervous pain and suffering. These injuries have resulted in continuing and permanent disability to each Plaintiff. As a result of the injuries, Plaintiffs have suffered past and future damages in an amount to be determined at the time of trial.

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 15

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

**61.**     As a further proximate result of the acts of Defendants described herein, Plaintiffs developed and continue to suffer from depression and frequent periodic episodes of anxiety, panic, fear, and other forms of emotional distress.  The injuries have resulted in permanent disability to each of them.  By reason thereof, Plaintiffs have suffered past and future damages in an amount to be determined at the time of trial.

**62.**     As a further proximate result of the acts of the Defendants described herein, each Plaintiff has been damaged in that he has been required, and will be required in the future, to expend money and to incur obligations for health care providers required in the treatment and relief of the injuries alleged, in an amount to be determined at the time of trial.

**63.**     As a further proximate result of the acts of Defendants described herein, each Plaintiff has been affected in his ability to be employed and thereby has lost wages and income, and will continue to lose wages and income, to his damage in an amount to be determined at the time of trial.

**64.**     The above-described conduct of the Defendants was willful and outrageous, was committed in reckless disregard of the probability of causing each Plaintiff severe emotional distress, mental anguish, humiliation, and psychological, spiritual, and physical injury and illness, and was otherwise intended to cause injury to each Plaintiff. Additionally, in doing the acts as described herein, Defendants were guilty of fraud, oppression, or malice.  Each Plaintiff is therefore entitled to an award of exemplary or punitive damages.

**D.**     **Fourth Cause of Action:  Estoppel and Fraudulent Concealment.**

**65.**     Plaintiffs hereby incorporate by reference and reallege all of the allegations contained in paragraphs 1 through 64, as though fully set forth herein.

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 16

**66.**     Defendants engaged in a plan of action to cover up incidents of the sexual abuse of minors by scout leaders and prevent disclosure, prosecution and civil litigation including, but not limited to:  failure to report incidents of abuse to law enforcement or child protection agencies, concealment of abuse it had been substantiated and failure to seek out and redress the injuries its scout leaders had caused, and failure to advise local scouting agencies of the rampant problem of sexual abuse of scouts by scout leaders and that BSA's system of "Ineligible Volunteer Files" was ineffective at curbing the problem. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

**67.**     The above-described conduct of the Defendants was willful and outrageous, was committed in reckless disregard of the probability of causing Plaintiffs severe emotional distress, mental anguish, humiliation, and psychological, spiritual, and physical injury and illness, and was otherwise intended to cause injury to Plaintiffs.  Additionally, in doing the acts as described herein, Defendants were guilty of fraud, oppression, or malice.  Plaintiffs are therefore entitled to an award of exemplary or punitive damages.

### D.     Fifth Cause of Action:  Negligent Supervision/Retention/Hiring.

**68.**     Plaintiffs hereby incorporate by reference and reallege all of the allegations contained in paragraphs 1 through 67, as though fully set forth herein.

**69.**     Plaintiffs are informed and believe, and on that basis allege, that as a result of the affiliation each Plaintiff had with the LDS Church, with Reese, and with other church officials, and the affiliation between each Plaintiff, the BSA and Reese, a special fiduciary relationship, of human and spiritual trust, with concomitant *in loco parentis*

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 17

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

duties (*i.e.,* providing a safe haven for each Plaintiff, by providing for his physical and emotional care and safety) existed between each Plaintiff and the Defendants.

70.     As alleged above, each Plaintiff was sexually molested by Reese, with the molestations constituting a breach of duty owed to each Plaintiff by the Defendants to supervise Reese, and to provide a safe haven for each Plaintiff.

71.     Plaintiffs are informed and believe, and on that basis allege, that at no time during the periods of time alleged did the Defendants have in place a system or procedure to supervise and/or monitor LDS teachers or ministers and BSA scout leaders to insure that those ministers, teachers and scout leaders did not molest or abuse minors in the Defendants' care.

72.     Plaintiffs are informed and believe, and on that basis allege, that those individuals employed or governed by the Defendants were aware, and understood how vulnerable children were to sexual abuse by ministers, teachers and scout leaders.

73.     At the times that each Plaintiff was molested, Defendants were placed on actual and constructive notice that Reese had molested other minor students, LDS church members, members of the Lakewood LDS Scout troop, and other boys.  Even so, the Defendants continued to retain Reese, and continued to fail to supervise Reese.

74.     As a proximate result of the acts of Defendants described herein, each Plaintiff was hurt and injured in his health, strength, and activity, sustained injury to his nervous system and person, all of which injuries have caused, and continue to cause, each Plaintiff great mental, emotional, spiritual, physical, and nervous pain and suffering. These injuries have resulted in continuing and permanent disability to each of them.  As a

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 18

Sullivan & Thoreson
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

result of the injuries, each Plaintiff has suffered past and future damages in an amount to be determined at the time of trial.

**75.**     As a further proximate result of the acts of the Defendants described herein, each Plaintiff developed and continues to suffer from depression and frequent periodic episodes of anxiety, panic, fear, and other forms of emotional distress.  The injuries have resulted in permanent disability to each of them.  By reason thereof, each Plaintiff has suffered past and future damages in an amount to be determined at the time of trial.

**76.**     As a further proximate result of the acts of the Defendants described herein, each Plaintiff has been damaged in that he has been required, and will be required in the future, to expend money and to incur obligations for health care providers required in the treatment and relief of the injuries alleged, in an amount to be determined at the time of trial.

**77.**     As a further proximate result of the acts of the Defendants described herein, each Plaintiff has been affected in his ability to be employed and thereby has lost wages and income, and will continue to lose wages and income, to his damage in an amount to be determined at the time of trial.

**78.**     The above-described conduct of the Defendants was willful and outrageous, was committed in reckless disregard of the probability of causing each Plaintiff severe emotional distress, mental anguish, humiliation, and psychological, spiritual, and physical injury and illness, and was otherwise intended to cause injury to each Plaintiff. Additionally, in doing the acts as described herein, Defendants were guilty of fraud, oppression, or malice.  Each Plaintiff is therefore entitled to an award of exemplary or punitive damages.

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 19

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

### III.   FOR ALL CAUSES OF ACTION

1.   For past and future general damages in an amount to be determined at trial.

2.   For past and future special damages in an amount to be determined at trial.

3.   For past and future lost earnings and loss of earning capacity in an amount to be determined at trial.

4.   For punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants.

5.   For costs of suit.

6.   For interest as allowed by law.

7.   For such other and further relief as the Court may deem proper.

### V.   JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

DATED this 10th day of August, 2010.

SULLIVAN & THORESON


By: /s/Kevin P. Sullivan
    Kevin P. Sullivan
    Attorneys for Plaintiffs
    WSBA # 11987


BLACK, CHAPMAN, WEBBER, STEVENS, & PETERSEN


By: /s/Thomas N. Petersen
    Thomas N. Petersen
    Attornesy for Plaintiffs
    WSBA #32643

AMENDED COMPLAINT FOR
PERSONAL INJURIES - 20