UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| R.D. and C.D., <br><br> Plaintiffs, <br><br> v. <br><br> BOY SCOUTS OF AMERICA, a congressionally chartered corporation, authorized to do business in Washington; et al., <br><br> Defendants. | CASE NO. C10-1006BHS <br><br> ORDER OF RECUSAL |

This matter comes before the Court on Plaintiffs' motion for the undersigned's recusal in this matter. Also before the Court is the parties' stipulation for modification of pretrial deadlines. Dkt. 67. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for recusal and denies as moot the parties' stipulated motion for altering pretrial deadlines for the reasons discussed herein.

## I. DISCUSSION

On June 28, 2011 the Court held a telephonic hearing with all parties to discuss matters before the Court. Dkt. 61 (minute entry). During that hearing the Court advised the parties that the undersigned previously served as a member of an advisory board to the Tumwater Boy Scout Counsel, which is one of the predecessors to Defendant Pacific Harbors Council. This service lasted approximately one year and took place around thirty years ago. Based on this disclosure, the Court informed the parties that any concern they might have over the undersigned's service to the Boy Scouts (i.e., need for recusal) should be addressed by motion.

ORDER - 1

On July 15, 2011, Plaintiffs moved the Court for the undersigned's recusal in this matter. On July 26, 2011, (1) Defendant Rainier Council ("Rainier") responded in opposition to Plaintiffs' motion for recusal; (2) Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and Successors responded but did not oppose Plaintiffs' motion for recusal; and (3) Defendant Boy Scouts of America responded in opposition to Plaintiffs' motion for recusal by adopting and incorporating Rainier's brief in opposition. Dkts. 73, 75, 76.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). The decision whether to recuse from a case is committed to the sound discretion of the Court. *See Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir. 1987). But if the decision is a close one, the judge should recuse. *Bryce*, 289 F.3d at 659.

Because the Court finds the question of whether the undersigned's impartiality might reasonably be questioned, the undersigned should recuse. The Court reaches this conclusion based on the record before the Court and the undersigned's prior service to the Tumwater Boy Scout Council, a predecessor to the Pacific Harbors Council.

## II. ORDER

Therefore, the undersigned hereby **GRANTS** Plaintiffs' motion for recusal (Dkt. 69) and **DENIES as moot** the parties' stipulation for altering pretrial deadlines (Dkt. 67).

DATED this 8th day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2